491 P.2d 602 (1971)
William C. SIMONS, Plaintiff-Appellee,
v.
FIRST NATIONAL BANK OF DENVER and Donald D. Estey, Defendants-Appellants.
No. 71-097.
Colorado Court of Appeals, Div. II.
November 30, 1971.
No appearance for plaintiff-appellee.
Blunk & Johnson, Howard G. Allspach, Denver, for defendants-appellants.
Selected for Official Publication.
DUFFORD, Judge.
We shall refer to the parties by their trial court positions or by name.
*603 Plaintiff is the owner of an aircraft which he parked and tied to a ramp owned by defendant First National Bank of Denver at Jefferson County Airport and operated by the other defendant, Donald D. Estey, under an arrangement whereby plaintiff paid $15 per month. The aircraft was overturned and demolished by high winds. Plaintiff brought this action to recover the amount of $4,700 for the damage done to his aircraft and which he alleged resulted from negligence on the part of the defendants as bailees. Plaintiff alleged that defendants were bailees of his airplane and as such were responsible for its safety and had the duty of returning it to him undamaged. Defendants' answer denied that bailment was created and asserted affirmatively that the relationship which arose from the tie-down arrangement under which the plaintiff's airplane was parked on their facilities was merely a lease or a license.
The evidence at trial was uncontroverted in showing that plaintiff at all times had full control over his aircraft, tied the airplane to the ramp himself, and discouraged all parties from disturbing the aircraft. No evidence was introduced which suggested that defendants had agreed to a bailment either orally or in writing, or that they had exercised control over the aircraft at any time. Nonetheless, the trial court ruled that a bailment had been created, as a matter of law, and submitted the case to the jury solely on the issue of defendants' liability as bailees. The jury returned a verdict for plaintiff in the amount of $2,000. Defendants bring this appeal from the judgment entered on such verdict and from the trial court's ruling that a bailment existed as a matter of law.
It is the position of the defendants in this appeal that they were entitled to a judgment in their favor, and that it was error on the part of the trial court to determine that they were bailees as a matter of law, thereby allowing the jury to determine a damage award on such basis. The defendants further assert that the trial court should have held, as a matter of law, that a lease or license relationship existed between the defendants and the plaintiff, under which the defendants owed only limited duties, and as to which there was no proof given of any breach on their part. Accordingly, they claim the trial court should have directed a verdict against the plaintiff and dismissed his complaint. We find the defendants are correct in these assertions.
Bailment is the delivery of personal property by one person to another in trust for a specific purpose with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished or kept until the bailor reclaims the property. Lewis v. People, 114 Colo. 411, 166 P.2d 150; Tashima v. People, 58 Colo. 98, 144 P. 200. However, a bailment does not arise in those situations where the owner of the property retains control over his property. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. Consistent with these general principles of bailment law, it has been ruled that, where an aircraft is placed in an airport parking or tie-down space and the owner of the airport facility is not given and does not assert any control over the aircraft, only a lease relating to the space or facilities occupied by the aircraft is created as opposed to a bailment of the aircraft into the hands of the owner of that space. See Lewallen v. Board of Levee Commissioners, 166 So.2d 566 (La.App.)
In the case before us, there is a void of any evidence which would establish that control over the plaintiff's airplane was voluntarily passed to the defendants or that they attempted to exercise any such control. As we have stated above, the evidence in this case runs the other way in that the plaintiff himself parked and tied his airplane. He locked the aircraft and retained the keys to it, and he took further steps to discourage other parties from disturbing the aircraft. Such being the case, the trial court erred in ruling, as a matter of law, that a bailment existed. Additionally, there is nothing within the record of *604 this case from which a jury might properly find that a bailment existed.
Other than his theory that the defendants were liable to him because of negligent acts on their part performed by them in their capacity as bailees, plaintiff did not allege, nor does the record reflect, a breach of any other duties for which the defendants, either as lessors or otherwise, might be liable to the plaintiff. In the absence of any aletrnative theory for relief, the defendants' motion for dismissal of the plaintiff's complaint should have been granted. Mathews v. Mathews, 69 Colo. 333, 194 P. 358.
Judgment is reversed, and this cause is remanded with directions that the trial court dismiss this action.
COYTE and DWYER, JJ., concur.